**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WENDY REYNOLDS,

        Plaintiff,

  v.

LINCOLN FINANCIAL,

        Defendant.

Civil Action No. <u>2:26-cv-3679</u>

**COMPLAINT**

1. Plaintiff Wendy Reynolds brings this action against Defendant Lincoln Financial under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover short-term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by her employer, Wells Fargo & Company. This is a civil action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff reserves all rights under ERISA § 502(a) and § 502(g), 29 U.S.C. § 1132(a) and (g).

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, and under 29 U.S.C. § 1132(e)(1), which grants the district courts of the United States exclusive jurisdiction over civil actions brought under ERISA § 502(a)(1)(B).

3. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 2005 Market Street, Philadelphia,

Pennsylvania 19103, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Wendy Reynolds is an adult individual residing at 500 N Metro Blvd, Apartment 1054, Chandler, Arizona 85226. At all relevant times during the coverage period, Plaintiff was employed by Wells Fargo & Company and was a participant in the employee welfare benefit plan at issue.

5. Defendant Lincoln Financial maintains an office and conducts business at 2005 Market Street, Philadelphia, Pennsylvania 19103. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue in this action.

6. At all relevant times, Plaintiff was employed by Wells Fargo & Company and was covered as a participant under an employee welfare benefit plan (the "Plan") that provided short-term disability benefits to eligible employees of Wells Fargo & Company.

7. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

8. Plaintiff's claim for short-term disability benefits under the Plan was assigned claim number 17009759.

9. Plaintiff was employed by Wells Fargo & Company. Plaintiff's last day of work was February 28, 2025.

10. Plaintiff became unable to perform the material duties of her occupation as required by the Plan due to ADHD (F90.2), generalized anxiety disorder (F41.1), major depressive disorder recurrent severe (F33.2).

11. Plaintiff submitted medical and claim information supporting her disability and her entitlement to short-term disability benefits under the Plan.

12. Plaintiff has satisfied all conditions precedent to the recovery of benefits under the Plan, or such conditions have been waived, excused, or otherwise rendered inapplicable.

13. Plaintiff submitted a timely claim for short-term disability benefits under the Plan.

14. By letter dated April 10, 2025, Defendant issued an initial adverse benefit determination denying Plaintiff's claim for short-term disability benefits.

15. Plaintiff timely appealed the initial adverse benefit determination.

16. By letter dated June 18, 2025, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim for short-term disability benefits.

17. As stated in the June 18, 2025 final denial letter, Defendant concluded that "in the absence of sufficient clinical evidence to support your inability to perform the activities consistent with those required to perform your job, you do not meet the definition of disability."

18. Plaintiff has exhausted all administrative remedies required under the Plan and 29 C.F.R. § 2560.503-1.

## STANDARD OF REVIEW

19. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

20. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

21. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

22. At all relevant times, Plaintiff was a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), and was entitled to short-term disability benefits under the terms of the Plan.

23. Defendant wrongfully denied Plaintiff's claim for short-term disability benefits to which she is entitled under the terms of the Plan.

24. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of short-term disability benefits due and owing under the Plan.

25. Plaintiff is entitled to recover the past-due short-term disability benefits wrongfully denied, together with prejudgment interest, attorney's fees, and costs, pursuant to ERISA § 502(a)(1)(B) and § 502(g), 29 U.S.C. § 1132(a)(1)(B) and (g).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Awarding Plaintiff past-due short-term disability benefits from the date of termination

through the date of judgment under the terms of the Plan;

B. Awarding Plaintiff prejudgment interest on past-due benefits;

C. Awarding Plaintiff her attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g));

D. Awarding Plaintiff costs of suit; and

E. Granting such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL**

Plaintiff respectfully requests trial on the administrative record.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff